

FILED & ENTERED

FEB 05 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re: | Case No. 2:11-bk-39687-RK |
|---|---|
| MI JUNG HONG, | Chapter 7 |
| Debtor. | |
| | MEMORANDUM DECISION ON DEBTOR'S SECOND AMENDED MOTION TO DISMISS BANKRUPTCY CASE AND REVOKE DISCHARGE |

On May 31, 2013, debtor Mi Jung Hong filed her original motion to revoke her bankruptcy discharge and to dismiss this Chapter 7 bankruptcy case "on the equitable grounds that a discharge remaining on her credit report will continue to have a negative effect on her personal and professional life as a real estate escrow agent." *Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case and to Revoke Discharge* (Docket No. 22)("Original Motion"), filed on May 31, 2013, at 4.  In support of her Original Motion to revoke her discharge, she cited Fed. R. Bankr. P. 9024 and *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462 (9th Cir. 1993) for the proposition that "[a]s courts of equity, the court has power to 'reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on orders." *Original Motion* at 5.  The Original Motion was noticed for hearing on June 25, 2013.

1

At the hearing on June 25, 2013, the court cited the opinion of the Ninth Circuit Bankruptcy Appellate Panel (BAP) in *In re Markovich*, 207 B.R. 909 (9th Cir. BAP 1997), which was directly contrary to debtor's position, holding that a Chapter 7 bankruptcy debtor lacks standing to seek revocation of a discharge under Section 727(d) of the Bankruptcy Code, 11 U.S.C., and that a bankruptcy court does "not have the inherent equitable power to revoke a discharge outside the framework of § 727(d)." 207 B.R. at 911-913. The court in its tentative ruling for the hearing on June 25, 2013 indicated that it intended to follow *Markovich* and deny the motion to revoke discharge, but because debtor did not discuss *Markovich* in her moving papers, the court gave debtor at the hearing on June 25, 2013 the opportunity to respond to the tentative ruling in a supplemental brief and set a further hearing on the motion for July 23, 2013.[1]

On June 26, 2013, debtor filed her amended motion to revoke discharge and to dismiss, which was noticed for hearing on July 16, 2013. *Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case and to Revoke Discharge* (Docket No. 25)("Amended Motion"), filed on June 26, 2013. Debtor in the amended motion argued that a BAP decision, such as in *Markovich,* is not binding on this court and that in the alternative, debtor is permitted to seek revocation of discharge based on her right to waive her discharge under 11 U.S.C. § 727(a)(10), that the plain meaning of § 727(d) that does not specifically refer to a debtor as a party to revoke a discharge does not preclude a debtor's standing to revoke in light of the right to waive a discharge under § 727(a)(10) and that "Rule 9024(b)(5)" [i.e., Fed. R. Bankr. P. 9024, incorporating by reference, Fed. R. Civ. P. 60(b)(5)] allows relief from judgment where applying it prospectively is no longer equitable. *Id.* at 4-6.

---

[1] The court's tentative ruling for June 25, 2013 stated, "Deny motion to revoke discharge because debtor lacks standing to request revocation of discharge, In re Markovich, 207 B.R. 909 (9th Cir. BAP 1997)(bankruptcy courts lack inherent equitable power to revoke a discharge outside of the framework of 11 U.S.C. 727(d)); but see, Tuan Tan Dinh, 90 B.R. 743 (Bankr. E.D. Pa. 1988). Alternatively, debtor's reliance on FRBP 9024, incorporating by reference, FRCP 60(b), is misplaced because request to set aside entry of discharge for "mistake" is untimely made over a year after entry of discharge. FRCP 60(b)(1) and (c)(1). Appearances are required on 6/25/13, but counsel may appear by telephone."

2

The further hearing on the motion to revoke discharge and to dismiss as amended was held on July 16, 2013. For the hearing on July 16, 2013, the court issued a further tentative ruling that a debtor may not waive a discharge after it has been entered, citing *In re Bailey,* 220 B.R. 706 (Bankr. M.D. Ga. 1998) and that debtor had not shown any change in facts to warrant prospective equitable relief under Fed. R. Civ. P. 60(b)(5).[2] At the hearing, counsel for debtor argued that the court should not follow *In re Bailey,* citing several cases not discussed in the second amended motion, and the court requested that the debtor file a further supplemental brief, listing and discussing the cases not previously cited or discussed. At the request of counsel for debtor, the court set a deadline for filing further briefing of August 31, 2013 and set a further hearing on the matter for September 24, 2013.

On July 24, 2013, debtor filed a second amended motion to revoke discharge and to dismiss with her supplemental brief, arguing that *Bailey* should not be followed because other cases have upheld a debtor revoking a discharge after a discharge has been entered. *Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case and to Revoke Discharge [Second Amended]* (Docket No. 27)("Second Amended Motion"), at 4-7, *citing inter alia, In re Jones,* 111 B.R. 674, 680 (Bankr. E.D. Tenn. 1990); *In re Mosby,* 244 B.R. 79 (Bankr. E.D. Va. 2000); *In re Starling,* 359 B.R. 901 (Bankr. N.D. Ill. 2007); and *In re Magundayao,* 313 B.R. 175, 179 n. 6 (Bankr. S.D.N.Y. 2004). The Second Amended Motion was noticed for hearing on September 24, 2013. After the hearing on September 24, 2013, the court took the motions under submission. Although debtor apparently filed three motions, they seek the same relief, i.e., revocation of her bankruptcy discharge and dismissal of her bankruptcy case.

---

[2] The court's tentative ruling for July 16, 2013 stated, "Updated tentative ruling as of 7/15/13. The court has reviewed the supplemental brief filed by debtor and reaffirms its prior tentative ruling. While debtor could have previously filed a waiver of discharge, the time to file a waiver of discharge passed when the discharge was entered, and the need for finality and predictability outweighs any claim of inequity. In re Bailey, 220 B.R. 706, 708-710 and n. 5 (Bankr. M.D. Ga. 1998). Debtor has not shown a significant change in the facts or the law that warrants a revision of the order for discharge under FRCP 60(b)(5). Appearances are required on 7/16/13."

3

Having considered debtor's written and oral arguments, the court now rules and denies the Second Amended Motion, the last filed motion which the court considers as superseding the prior ones.

**Bankruptcy Courts Do Not Have Inherent Equitable Power to Revoke Chapter 7 Discharge Outside the Statutory Framework of the Bankruptcy Code**

In the Original Motion, debtor argued that as a court of equity, the bankruptcy court has the power to reconsider, modify or vacate its previous orders so long as no intervening rights have become vested in reliance on orders. *Original Motion* at 5, citing, Fed. R. Bankr. P. 9024; *In re Cisneros*, 994 F.2d at 1466. As a general statement of legal principle, this is overbroad and incorrect with respect to revocation of discharge under the Bankruptcy Code. *In re Markovich*, 207 B.R. at 913, *citing inter alia*, *Norwest Bank Washington v. Ahlers*, 485 U.S. 197, 206 (1988) and *Geothermal Resources International, Inc. v. Lumsden*, 93 F.3d 648, 651 (9th Cir. 1996). Debtor's argument was based on language contained in the Ninth Circuit's opinion in *Cisneros* describing the general power of the bankruptcy court under Fed. R. Bankr. P. 9024, which makes Fed. R. Civ. P. 60 applicable to bankruptcy cases, though not specifically relating to revocation of bankruptcy discharges. *In re Cisneros,* 994 F.2d at 1466. Fed. R. Civ. P. 60 permits a court to grant relief from judgment or order under certain circumstances based on mistake or other equitable circumstances. *Cisneros* did not present the issue here of the standing of a debtor in a Chapter 7 bankruptcy case to seek revocation of discharge because the party seeking the revocation of discharge was a creditor in a case under a different chapter of the Bankruptcy Code, Chapter 13. 994 F.2d at 1464-1466.

In *Markovich*, the BAP upheld the bankruptcy court's ruling that it did not have the inherent equitable power to revoke a Chapter 7 debtor's discharge outside the framework of 11 U.S.C. § 727(d). 207 B.R. at 913; *see also, In re Starling,* 359 B.R. at 911 (discussing 11 U.S.C. §§ 727(d) and 105 and cases interpreting these statutes). Moreover, as the BAP held in *Markovich,* the debtor is not one of the persons or entities

4

1  entitled to request a revocation of the discharge under § 727(d).  207 B.R. at 912;

2  *accord, In re Bailey*, 220 B.R. at 707-708; *In re Gomez,* 456 B.R. 574, 577 (Bankr. M.D.

3  Fla. 2011); *In re Newton,* 490 B.R. 126, 127 (Bankr. D.D.C. 2013).  In so holding, in

4  *Markovich,* the BAP relied upon the plain language of the Bankruptcy Code governing

5  revocation of a discharge in a Chapter 7 bankruptcy case as set out in  § 727(d), and the

6  statutory language stated in relevant part:

>     On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
>     (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
>     (2) the debtor acquired property that is property of the estate. . . and knowingly and fraudulently failed to report . . . such property . . . to the trustee; or
>
>     (3) the debtor committed an act specified in subsection (a)(6) of this section.

11 U.S.C. § 727(d)(1994),[3] *quoted in In re Markovich,* 207 B.R. at 911 n. 4.  As noted by the BAP in *Markovich,* the only parties expressly authorized to seek revocation of a discharge under § 727(d) are a trustee, a creditor and the United States Trustee.  207 B.R. at 911.  "Section 727(d) does not authorize a debtor to bring a motion to revoke a discharge."  *Id., citing, In re Eccleston,* 70 B.R. 210, 212 (Bankr. N.D.N.Y. 1986)("The unequivocal language of the section limits its applicability to trustees and creditors; a debtor may not seek revocation of his discharge under Code § 727(d).").  The BAP in *Markovich* relied upon the plain meaning of the statutory language of § 727(d) to determine the standing of the parties to seek revocation of discharge.  207 B.R. at 912.  The BAP then stated: "The language of § 727(d) clearly restricts its use to the persons

---

[3] A fourth ground for revocation of discharge was added in 2005 to 11 U.S.C. § 727(d) for failure to explain either a misstatement or failure to provide materials in a bankruptcy case audit conducted by the United States Trustee pursuant to 28 U.S.C. § 586(f).  11 U.S.C. § 727(d)(4)(2013).  None of the four grounds in the current version of 11 U.S.C. § 727(d) are being invoked by debtor in her motion to revoke her discharge.

5

named therein." *Id.* The BAP in following the command of Supreme Court precedent to interpret the meaning of the statute stated:

> As the bankruptcy court held, when resolving a dispute over the meaning of a statute, the analysis begins with the language of the statute. Where the statutory language is plain, the inquiry ends and the sole function of the court is to enforce the statute according to its terms. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). In *Ron Pair,* the Supreme Court stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242, 109 S.Ct. at 1031 (citing *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Our holding does not contravene the intent of the framers of the Code, does not conflict with any other section of the Code, and is not contrary to § 727(d)'s legislative history. In short, there is no reason not to interpret § 727(d) consistent with its "plain meaning." The bankruptcy court was correct in enforcing § 727 according to its terms. Debtor did not have standing under § 727(d) to seek the revocation of his discharge.

*In re Markovich,* 207 B.R. at 912 (footnote omitted).

Thus, the BAP in *Markovich* "agree[d] with the bankruptcy court that it did not have the inherent equitable power to revoke a discharge outside the framework of § 727(d)," observing that "[t]he equity powers of the bankruptcy court cannot be used to override specific statutory provisions in the [Bankruptcy] Code." 207 B.R. at 913, *citing, Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988)("The short answer to these arguments is that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *Geothermal Resources International, Inc. v. Lumsden,* 93 F.3d 648, 651 (9th Cir. 1996)("While '[a]s a court of equity, [the bankruptcy court] may look through form to the substance of a transaction and devise new remedies,' *In re Chinichian,* 784 F.2d 1440, 1443 (9th Cir. 1986), the court cannot, in the name of its equitable powers, ignore specific statutory mandates.").

**The BAP Decision in *Markovich*, While Not Binding, Is Persuasive Authority**

In the Amended Motion, Debtor argued that the BAP decision in *Markovich* should not be followed because it is not binding. *Amended Motion* at 4, citing this court's opinion in *In re Arnold*, 471 B.R. 578 (Bankr. C.D. Cal. 2012). In *Arnold*, this court concluded that BAP opinions are not binding authority on the bankruptcy courts of the circuit because of the dual track bankruptcy appellate system in this circuit and whether BAP authority is so binding remains an open question. 471 B.R. at 589-590. Nevertheless, as the court stated in *Arnold*, BAP opinions may be properly considered as persuasive authority, which the court so determines in this case because the BAP's reasoning in holding that a Chapter 7 bankruptcy debtor generally lacks standing to revoke a discharge is soundly based on the plain meaning of the applicable statute, 11 U.S.C. § 727(d). *Id*.; *see also, In re Markovich,* 207 B.R. at 911-913.

**Debtor's Argument Based on Minority Case Law Allowing Discharges to be Vacated to Allow Entry of Reaffirmation Agreements Is Not Persuasive**

In the Original Motion, debtor argued that the court has the authority to vacate a discharge as shown by other courts which have done so to allow debtors to enter into enforceable reaffirmation agreements. *Original Motion* at 5, *citing*, *In re Edwards*, 236 B.R. 124, 127-128 (Bankr. D. N.H. 1999) and *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa. 1981). This line of cases is contrary to the holding in *Markovich* that the bankruptcy courts do not have equitable power to revoke a Chapter 7 discharge outside of 11 U.S.C. § 727(d). *In re Markovich*, 207 B.R. at 913. Moreover, the weight of case law authority is that the bankruptcy courts do not have the equitable power to vacate discharges to allow debtors to enter into reaffirmation agreements because this would be inconsistent with the statutory deadline that reaffirmation agreements must be made before the entry of discharge set forth in 11 U.S.C. § 524(c)(1). *In re Eccleston,* 70 B.R. at 213-214 (denying debtor's request based on 11 USC § 727(d)); *Matter of McQuality* 5 B.R. 302, 303 (Bankr. S.D. Ohio 1980) (same); *In re Gruber,* 22 B.R. 768, 771 (Bankr. N.D. Ohio 1982) (debtor's request based on FRCP 60(b) denied); *In re Stewart,* 355 B.R.

7

636, 638–639 (Bankr. N.D. Ohio 2006)(denying debtor's request where it was based on court's equitable powers), *citing inter alia, In re Bennett,* 298 F.3d 1059, 1067 (9th Cir. 2002)("Because reaffirmation agreements are not favored, strict compliance with [11 U.S.C.] § 524(c) is mandated."); see also *In re Engles,* 384 B.R. 593, 596-598 (Bankr. N.D. Okla.2008)(denying debtor's request where it was based under *both* FRCP 60(b) and equitable grounds).  The court agrees with the majority view on this point and concludes that debtor's argument based on the minority view that a bankruptcy court may vacate a discharge to enter into an enforceable reaffirmation agreement despite the statutory language of 11 U.S.C. § 524(c)(1) is incorrect.

**Debtor's Argument that She Can Now Seek Revocation of Discharge**

**Because It Is Equivalent to Her Right to Waive a Discharge Is Not Persuasive**

In her Amended Motion and Second Amended Motion, debtor cited 11 U.S.C. § 727(a)(10) to argue that she may waive her right to a discharge at any time after the petition filing date regardless whether a discharge has been entered or the case is closed.  *Amended Motion* at 4-5; *Second Amended Motion* at 4-6.   11 U.S.C. § 727(a)(10) provides: "The court shall grant the debtor a discharge, unless - . . . the court approves a written waiver of discharge executed by the debtor after the entry of the order for relief under this chapter."  The Bankruptcy Code does not expressly state a deadline for the debtor for waiving a discharge.  11 U.S.C. § 727(a)(10).  In *In re Bailey*, the court held that while § 727(a)(10) does not contain a deadline, a debtor's waiver of discharge must occur prior to discharge.  *In re Bailey*, 220 B.R. at 710.  The *Bailey* court concluded:

> While the Court recognizes the arguable inequity presented by concluding that a waiver cannot be filed after a discharge is entered, any such inequity is offset by the necessity for finality and predictability. While no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver the discharge.

*Id.*

As the court stated in *In re Newton,* "[m]oreover, a court lacks authority to vacate the discharge pursuant to Fed. R. Civ. P. 60(b) in order for a debtor to attempt to obtain approval of a waiver of the entry of a discharge," observing:

> A debtor must seek approval of a waiver before the court proceeds to enter a discharge. As stated in *Grabowski v. Americredit (In re Grabowski),* 462 B.R. 534, 538 (Bankr. W.D. Pa. 2011): the very structure of Section 727(a)(10) makes clear that the proposed "waiver" of a discharge is forward-looking and must be presented to the Court before a discharge has been granted. ("The court shall grant the debtor a discharge, unless—the court approves a written waiver of discharge executed by the debtor after the order of relief under this chapter.") Thus, "[w]hile no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver of [sic] the discharge." *In re Bailey,* 220 B.R. 706, 710 (Bankr. M.D. Ga. 1998).

490 B.R. at 128. Thus, "[o]nce the discharge has been entered, it is too late for the debtor to seek approval of a waiver of the discharge." *Id.*[4]

As the court further stated in *Newton*:

> Congressional intent would be frustrated by allowing a debtor to obtain a vacating of the discharge. A discharge carries consequences of finality for the debtor-creditor relationship (such as being a bar to obtaining a discharge in a new case filed within a specified statutory period of time later). The debtor's present and future creditors are entitled to certainty regarding whether those consequences are in place, a certainty achieved by the requirement that if a debtor is going

---

[4] The court in *Newton* noted: "Requests after discharge to vacate the discharge and to then waive the entry of a discharge so that a new case can be later filed when tax claims have become dischargeable has been rejected on this basis by at least two decisions. *See In re Nader,* 1998 WL 767459 (Bankr. E.D. Pa. Oct. 30, 1998); *In re Bailey,* 220 B.R. 706 (Bankr. M.D. Ga. 1998). 490 B.R. at 128. The court in *Newton* further noted: "There are decisions opining that a debtor may still waive a discharge once a discharge has been entered. *See, e.g., In re Starling,* 359 B.R. 901 (Bankr. N.D. Ill. 2007); *In re Magundavo,* 313 B.R. 175, 179 n. 6 (Bankr. S.D.N.Y. 2004) ("If the Code permits the debtor to refuse to accept his discharge, it should also allow him to give it back." (dicta)); *In re Jones,* 111 B.R. 674, 680 (Bankr. E.D. Tenn. 1990). These decisions, however, fail to address the point that § 727(a) contemplates that approval of a waiver of a discharge must be sought before a discharge is entered." *In re Newton,* 490 B.R. at 128. In this case, debtor relies upon the decisions in *Starling, Magundavo* and *Jones*. See *Second Amended Motion* at 4. For the reasons set forth by the court in *Newton,* the court concludes that these decisions are not correct because the waiver of discharge must be obtained before discharge is entered based on the statutory language.

9

to waive her discharge, she must seek approval of such a waiver before a discharge is entered. As stated in *In re Gomez,* 456 B.R. at 577: "The discharge injunction is permanent; it forever enjoins a debtor's creditors from pursuing the debtor for discharged debts. Debtors and their creditors rely upon the permanency of the discharge and the discharge injunction. Aurora received a Chapter 7 discharge more than two years ago and has enjoyed the benefits of the discharge and the discharge injunction. Her creditors have relied upon the permanency of her discharge and the discharge injunction." A debtor ought not be allowed to reap the advantages of a discharge and to later obtain a vacating of the discharge when she realizes the discharge has adverse consequences as well. *See In re Gomez,* 456 B.R. at 577 (debtor not allowed to obtain vacating of chapter 7 discharge in order to undo the bar of 11 U.S.C. § 1328(f) against obtaining a discharge in a later chapter 13 case filed within four years of the filing of the chapter 7 case).

490 B.R. at 128-129; *see also, In re Bailey,* 220 B.R. at 709-710 ("if Debtor's motion is to be granted on this basis, every discharge in every case might be subject to waiver forever. Such a chaotic result cannot be deemed to be the intent of congress.").

As pointed out by the court in *Newton,* the "ways in which a vacating of the discharge [are] inimical to the goals served by finality" include: (1) the holders of dischargeable debts have been barred by the discharge injunction of 11 U.S.C. 524(a) for the time the discharge was in effect from pursuing those claims and executing on assets of the debtor acquiring during that time; (2) not only creditors who held claims in the case but creditors who hold claims arising after the commencement of the case could be prejudiced because such creditors may have extended credit in reliance upon the eight-year bar against the debtor obtaining a new chapter 7 discharge. *In re Newton,* 490 B.R. at 129 n. 2.

This court is persuaded by the reasoning in *Newton* and *Bailey* that a debtor must timely file a waiver of discharge by the date of the entry of discharge in order for the waiver to be valid. In this case, discharge was entered on March 20, 2012 (Docket No. 13). Debtor filed what appears to be a waiver of discharge on May 31, 2013. *Declaration of Mi Jung Hong ¶ 6, attached to Debtor's Original Motion.* Because Debtor did not file a waiver of discharge for more than a year after her discharge had been entered in this

10

case, this court determines that her waiver of discharge under 11 U.S.C. § 727(a)(10) was untimely and therefore invalid. 11 U.S.C. § 727(a)(10); *In re Newton,* 490 B.R. at 129; *but see, In re Magundayao,* 313 B.R. at 179 n. 6 (suggesting in dicta that a debtor can seek to revoke a discharge post-entry).[5]

**Debtor Has Not Sufficiently Demonstrated Entitlement to Relief from Discharge Order on Grounds that It Is No Longer Equitable to Apply It Prospectively**

In her amended motion, debtor also argued that the discharge may be revoked under Fed. R. Civ. P. 60(b)(5) on grounds that applying it prospectively is no longer equitable. *Amended Motion* at 6. As stated in *In re Newton,* "[a] bankruptcy court has the authority under Fed. R. Civ. P. 60(b) to vacate a discharge when the discharge order was mistakenly entered in contravention of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or an order extending the deadline before which a discharge could be issued. *In re Newton,* 490 B.R. at 127, *citing, Disch v. Rasmussen,* 417 F.3d 769, 779 (7th Cir. 2005) and *In re Cisneros,* 994 F.2d at 1466; *see also, In re Starling,* 359 B.R. at 917; *In re Mosby,* 244 B.R. 79, 88-89 (Bankr. E.D. Va. 2000). As in *Newton,* the debtor's motion does not present that type of case because the discharge was not entered in error. 490 B.R. at 127. As noted previously, although 11 U.S.C. § 727(d) permits a discharge to be revoked on certain grounds, a debtor lacks standing to seek revocation of discharge under § 727(d). *Id.* at 127, *citing In re Markovich,* 207 B.R. at

---

[5] Debtor in her second amended motion relies upon the dicta in *Magundayo* that a bankruptcy debtor should be allowed to revoke her discharge based on the right to waive the discharge. *Second Amended Motion* at 4. In *Magundayo,* the court stated: "Furthermore, 11 U.S.C. § 727(a)(10) expressly authorizes the debtor to waive his discharge, with the court's permission, after the order for relief. If the Code permits the debtor to refuse to accept his discharge, it should also allow him to give it back." 313 B.R. at 179 n. 9. As acknowledged by debtor, this language is only dicta. *Second Amended Motion* at 4. In the actual decision in *Magundayo*, the court denied the debtor's motion to vacate the order granting discharge. 313 B.R. at 180. As also acknowledged by debtor, the plain language of the Bankruptcy Code does not expressly give the debtor standing to revoke the discharge. *Amended Motion* at 5; *see also,* 11 U.S.C. § 727(d)(a bankruptcy debtor not listed among parties recognized to seek to revoke a bankruptcy discharge in a Chapter 7 bankruptcy case); *In re Markovich,* 207 B.R. at 912, *citing inter alia, United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989).

11

911; *In re Gomez,* 456 B.R. 574 (Bankr. M.D. Fla. 2011); and *In re Williams,* 2012 WL 843210 (Bankr. D.D.C. 2012).

Specifically relating to Fed. R. Civ. P. 60(b)(5), the court concludes that it is not appropriate to grant such relief because the motion was not brought within a reasonable time and debtor has not demonstrated sufficient grounds that it would be inequitable to apply the discharge prospectively because the discharge negatively affects her credit.

The motion was not brought within a reasonable time. While the one-year limit on reasonable time applicable to Fed. R. Civ. P. 60(b)(1), (2) and (3) does not apply to motions under Fed. R. Civ. P. 60(b)(5), the motion must be made within a reasonable time depending on the circumstances, i.e., whether movant acted with diligence and whether the nonmoving parties suffered prejudice. Fed. R. Civ. P. 60(c); see also, 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:431 at 20-90 (2013), *citing inter alia, In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 249 (9th Cir. 1989). In this case, the automatic stay of collection of debtor's prepetition debts went into effect when the bankruptcy case was filed on July 11, 2011, the stay was lifted as to the debtor personally when the discharge was entered and the discharge injunction under 11 U.S.C. § 524(a) went into effect on March 20, 2012 and as to property of the estate when the case was closed on March 21, 2013, the Chapter 7 bankruptcy case has been fully administered, the trustee issued a no distribution report, the court entered the discharge, and the creditors were notified of these various events. The creditors of the debtor's bankruptcy estate have been restrained first by the automatic stay in bankruptcy and then by the discharge injunction for almost two years from the date she filed her bankruptcy petition on July 11, 2011 from taking action to collect her prebankruptcy debts when she filed her motion to revoke discharge based on Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(5) on May 31, 2013. As previously noted by the court in *Newton,* these circumstances indicate prejudice to creditors because the "ways in which a vacating of the discharge [are] inimical to the goals served by finality" include: (1) the holders of dischargeable debts have been barred by the

1  discharge injunction of 11 U.S.C. 524(a) for the time the discharge was in effect from
2  pursuing those claims and executing on assets of the debtor acquiring during that time;
3  (2) not only creditors who held claims in the case but creditors who hold claims arising
4  after the commencement of the case could be prejudiced because such creditors may
5  have extended credit in reliance upon the eight-year bar against the debtor obtaining a
6  new chapter 7 discharge. *In re Newton,* 490 B.R. at 129 n. 2.  Indeed, if the bankruptcy
7  discharge were vacated in this case, debtor would receive the additional strategic
8  advantage of not being restricted from filing a new bankruptcy case and obtaining
9  another discharge in the future without having to be burdened with the waiting periods
10 from obtaining a discharge in this case under 11 U.S.C. § 727(a)(8) and (9).  For
11 example, if the discharge in this Chapter 7 bankruptcy case remains in place, pursuant to
12 11 U.S.C. § 727(a)(8), debtor is ineligible to receive a another discharge in a future
13 Chapter 7 or 11 bankruptcy case filed within eight years before the filing of the petition in
14 this case on July 11, 2011.  If the discharge in this case were vacated, this restriction
15 would be lifted, even though her creditors have been restricted from pursuing collection of
16 her debts for more than two and one-half years.  This circumstance also indicates
17 prejudice to creditors.
18         Debtor has not shown that it would be inequitable to apply the discharge
19 prospectively for purposes of Fed. R. Civ. P. 60(b)(5) on grounds that it negatively
20 impacts her credit.  *Original Motion* at 7 ("I wish to reopen this case to revoke the
21 discharge entered in March of 2012 and to dismiss the bankruptcy case because a
22 discharge remaining on my credit report will continue to have a negative effect on both
23 my personal and professional life as an real estate escrow agent.").  Debtor has not
24 offered any admissible evidence to show that this is the case other than her say-so, i.e.,
25 there is no credible or objective proof that her bankruptcy discharge negatively impacts
26 her credit in addition to any negative impact from her filing a bankruptcy case, which
27 remains of record in any event.  Debtor is required to demonstrate a significant change in
28 the factual circumstances to warrant relief from judgment on grounds that it is no longer

equitable.  3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:399.2 at 20-78 (2013), *citing inter alia, United States v. Asarco, Inc.,* 430 F.3d 972, 979 (9th Cir. 2005).

The factual circumstances have not changed since the discharge was entered over a year ago.  What has changed is that the debtor does not find the discharge as useful as she originally thought when she filed her bankruptcy case because she was later able to cut a deal with her judgment creditor.  *Original Motion* at 7-8.  As to debtor's argument that not all debtors can reasonably anticipate the entry of discharge which precludes the debtor's right to a waiver of discharge, *Second Amended Motion* at 5-6, the court first notes that pursuant to Fed. R. Bankr. P. 4004(c)(1), in a Chapter 7 bankruptcy case, the court is to enter the discharge "forthwith" once the time to file a complaint objecting to discharge and to file a motion to dismiss for abuse under § 704(b) and (c) expires, thus, a debtor in a Chapter 7 bankruptcy case can reasonably expect the entry of a discharge.  Second, pursuant to Fed. R. Bankr. P. 4004(c)(2), a debtor may seek to postpone the entry of a discharge by making a motion to defer the entry of the order granting discharge.   Moreover, it is apparent that debtor filed her Chapter 7 bankruptcy case to obtain the discharge of her prepetition debts, including the large prepetition judgment debt, but she had not necessarily expected that the judgment creditor would file an adversary proceeding to determine that the debt was non-dischargeable.  Thus, debtor reasonably expected the entry of discharge, though she did not expect that it may be one not as useful to her if the judgment debt was determined to be non-dischargeable in the judgment creditor's adversary proceeding.  To her credit, debtor was able to work out a settlement with the judgment creditor regarding the judgment debt, but such a settlement was not reasonably unforeseeable, which would preclude her from making a motion to defer entry of discharge pursuant to Fed. R. Bankr. P. 4004(c)(2).  Debtor now wants to "unring the bankruptcy bell," even though the Chapter 7 bankruptcy case has been fully administered, the trustee issued a no distribution report and no claims have been paid, the court entered the discharge, the creditors were notified of these various

events, the creditors have been restrained from collecting on their claims by the automatic stay and the discharge injunction for over two years, she would have the advantage of not being restricted by the Bankruptcy Code in filing a new bankruptcy case and obtaining a new discharge if this one is vacated, but she does not make any arrangements to pay her debts, merely stating that creditors can resume collection after this time.  The court finds that these circumstances do not indicate grounds for relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(5).

As the court in *In re Gomez* observed:

> The discharge and the discharge injunction of 11 U.S.C. Section 524 are fundamental to a debtor's fresh start.  The discharge injunction is permanent; it forever enjoins a debtor's creditors from pursuing the debtor for discharged debts. Debtors and their creditors rely upon the permanency of the discharge and the discharge injunction.  [The debtor] received a Chapter 7 discharge more than two years ago and has enjoyed the benefits of the discharge and the discharge injunction.  Her creditors have relied upon the permanency of her discharge and the discharge injunction. . .To allow [the debtor] to vacate her discharge would undermine the sanctity of the Chapter 7 discharge and the discharge injunction.

456 B.R. at 574 (citation omitted).  As in *Gomez,* the entry of the debtor's discharge "was not the result of mistake or inadvertence," and "[a]ll that has happened is" that debtor "has changed her mind and belatedly decided she would be better off" [if the discharge were vacated]; [h]er situation does not establish a basis for relief pursuant to Rule 9024 [of the Federal Rules of Bankruptcy Procedure]."  456 B.R. at 576 n. 1.  Nothing has changed, except that debtor has changed her mind almost two years into the case, and meanwhile, her creditors have been restrained from collecting on her prepetition debts for over two years by the automatic stay and the discharge injunction.[6]  *See In re Newton,*

---

[6]  Debtor argues in the second amended motion that the court should apply the standard in *In re Jones,* 111 B.R. at 680: (1) when no creditor affected by the outcome objects and all appear to concur in the entry of an order vacating or revoking the order granting discharge; and (2) where the factors of relative prejudice to other interested parties and the lack of culpability of the debtor in allowing the discharge order to be entered weigh strongly in favor of the debtor."  *Second Amended Motion* at 4-5. The court in *Jones* cites no authority that these factors reflect generally accepted jurisprudential standards under Fed. R. Civ. P. 60; rather it cites only *In re Tuan Tan Dinh,* 90 B.R. 743 (Bankr. E.D. Pa. 1988), which itself cites no authority

490 B.R. at 129 and n. 6.  Debtor does not make arrangements to pay her prepetition creditors and merely states that they are free to pick up the chase again after two years (i.e. "they would be free to resume collection against me").  *Original Motion* at 7.  The Bankruptcy Code allows a bankruptcy debtor to waive her discharge pursuant to § 727(a)(10), but she let that opportunity lapse over a year ago when the discharge was entered as discussed previously and she did not make any motion to defer entry of discharge pursuant to Fed. R. Bankr. P. 4004(c)(2).  The Code does not otherwise allow her to revoke her discharge.  11 U.S.C. § 727(d).

As to debtor's argument that she "seeks a revocation of the discharge order merely to avoid the adverse credit consequences that might prevent her from gainfully obtaining employment in her line of work as an escrow officer," *Second Amended Motion* at 6, nothing has changed because she was as aware of any adverse credit consequences from filing a Chapter 7 bankruptcy case when she filed her bankruptcy petition seeking the discharge under the Bankruptcy Code, 11 U.S.C. § 727(a) and when the discharge was entered as she is now.  That debtor was able to settle with her judgment creditor is not a reasonably unforeseen event that changes this.

**Debtor Has Not Sufficiently Demonstrated Lack of Prejudice to Creditors to Warrant Granting Dismissal of the Bankruptcy Case.**

With respect to the motion to dismiss, the court holds that debtor has not made a sufficient showing of lack of prejudice to creditors.  As discussed by the BAP in *In re Bartee*, a bankruptcy debtor bears the burden of proving that creditors will not be prejudiced by the dismissal of a bankruptcy case, and this generally requires a showing that the debtor has made arrangements to pay the outstanding debts. *In re Bartee*, 317 B.R. 362. 367 (9th Cir BAP 2004)("Dismissal of debtors' case would have prejudiced their

---

other than cases contrary to its holding.  90 B.R. at 746. The court respectfully disagrees with the analysis in *Jones* and *Tuan Tan Dinh* for the reasons thoroughly discussed by the BAP in *Markovich* that the *Jones/Tuan Tan Dinh* test is not supported by the plain language of the Bankruptcy Code and should not be adopted.  207 B.R. at 912-913. Thus, debtor has not shown that the *Jones* factors are an appropriate test under Fed. R. Civ. P. 60(b)(5), and therefore, the court does not apply those factors here.

16

creditors, because there is no guarantee that debtors will pay their debts outside of bankruptcy.")(citations omitted).  Debtor has not offered sufficient evidence that she has made arrangements to pay her outstanding debts to demonstrate lack of prejudice to creditors under *Bartee*.  As for vacating the discharge, dismissal would result in similar prejudice to creditors as discussed above.  See *In re Newton,* 490 B.R. at 129 and n. 2.  Accordingly, the court determines that debtor has not demonstrated the lack of prejudice to creditors by dismissal of her bankruptcy case.

**CONCLUSION**

For the foregoing reasons, debtor's second amended motion to revoke discharge and to dismiss should be denied.  The court will enter a separate order denying the motion.

###

Date: February 5, 2014

_____
Robert Kwan
United States Bankruptcy Judge